

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| CHARLES C. CROSS, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:22-4333-MGL |
| | § | |
| MARTIN O'MALLEY, *Commissioner of* | § | |
| *Social Security*, | § | |
| Defendant. | § | |

**AMENDED ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND REVERSING AND REMANDING
DEFENDANT'S FINAL DECISION DENYING BENEFITS**

Martin O'Malley (O'Malley) is now the Commissioner of Social Security. Thus, the Court has substituted him for the former Acting Commissioner, Kilolo Kijakazi. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party.").

This is a Social Security appeal in which Plaintiff Charles C. Cross (Cross) seeks judicial review of the final decision of O'Malley, denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting O'Malley's final decision denying Cross's claims be reversed and this matter be remanded to him, in accordance with sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with the Report.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 20, 2024, O'Malley filed his objections on September 29, 2024, and Cross filed a reply on March 25, 2024. The Court has carefully reviewed O'Malley's objections, but holds them to be without merit. It will therefore enter judgment accordingly.

Cross filed an application for DIB and SSI in August 2020, alleging disability beginning July 17, 2020. His claims were denied initially and upon reconsideration. Thereafter, Cross filed a request for a hearing. A hearing was held in January 2022, at which time Cross and a vocational expert testified.

The Administrative Law Judge (ALJ) issued an unfavorable decision on January 18, 2022, finding Cross was unable to show he was disabled within the meaning of the Act. Cross submitted additional evidence to the Appeals Council, a statement from his treating cardiologist, Dr. William F. Brabham (Brabham).

Cross filed a request for review of the ALJ's decision, which the Appeals Council denied in September 2022, making the ALJ's decision Defendant's final decision. Cross then filed this action with the Court in November 2022.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an

impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to her past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

It is the claimant's duty both to produce evidence and prove she is disabled under the Act. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record and when he"fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

3

Although ALJs must sufficiently explain the reasons for their rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] he must . . . build an accurate and logical bridge from the evidence to his conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted). The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir.2005).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

In the Report, the Magistrate Judge states the following:

> [Although] the ALJ here cited a plethora of abnormal and normal evidence as to edema and leg elevation and recited [Cross's] allegations as to elevation, the ALJ never provided an explanation of how he arrived at 5%, or 24 minutes off task of a work day. The [C]ourt cannot engage in meaningful review where the ALJ [provides only] a conclusion of five percent off task. Remand is appropriate where inadequacies in the ALJ's analysis frustrate meaningful review.

Report at 11.

4

In O'Malley objections to the Magistrate Judge's Report, he argues the Magistrate Judge erred in "want[ing] the ALJ to set forth a mathematical equation, or expressly adopt a medical opinion, to explain how he reached the five-percent number in the RFC finding." Objections at 2. According to O'Malley, "such a precise and demanding requirement goes above and beyond the modest articulation standard necessary to facilitate deferential substantial evidence review under the Social Security Act." *Id*. "And here," O'Malley contends, "where no doctor or expert opined during the period at issue . . . [Cross] would require any worktime to elevate his legs, it was quite clear why the ALJ found [he] would be off task 'no more' than 5% of the workday to perform such an activity." *Id*. (emphasis omitted).

O'Malley cites to a recent unpublished Fourth Circuit opinion in support of his argument, *Rebecca J. v. Kijakazi*, No. 22-1531, 2023 WL 3970022 (4th Cir. June 13, 2023). In that case, the ALJ determined the "claimant had the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) except she can sit, stand and walk six hours each in an eight-hour workday, occasional exposure to the weather, occasional exposure to dust, fumes, odors and pulmonary irritants, and would be off task seven percent of the workday." *Id*. at *2.

On appeal, the claimant "argue[ed] . . . the ALJ failed to build a logical bridge from the objective evidence to his finding . . . [she] does not need to undertake treatments as frequently or for the duration that she claims and, consequently, erred in finding that her impairments would only result in her being off task for up to 7% of the workday." *Id*. at *3

The Fourth Circuit disagreed and held "the record in this case is devoid of sufficient evidence, including opinions and treatment notes, demonstrating that Plaintiff would be off task

more than seven percent of the day to account for her nasal treatment." *Id*. at *3 (citation omitted) (internal quotation marks omitted).

There are several problems with O'Malley's argument here. First, without the benefit of the ALJ's decision in *Rebecca*, the Court is unable to know how the ALJ came to the seven percent mark. Perhaps s/he provided a logical bridge as to how s/he arrived at that conclusion, which the Fourth Circuit reviewed, but neglected to include in its opinion.

The claimant's argument in *Rebecca* that "the ALJ failed to build a logical bridge[,]" *id*., fails to signal to this Court the ALJ in that case neglected to offer any explanation whatsoever as to how s/he came up with the seven percent time period. Surely s/he gave some explanation for how s/he arrived at the seven percent number. *See Patterson v. Com'r Social Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017) ("[T]he dispute here arises from a problem that has become all too common among administrative decisions challenged in this court—a problem decision makers could avoid by following the admonition they have no doubt heard since their grade-school math classes: Show your work. The ALJ did not do so here, and this error rendered his decision unreviewable.").

The second difficulty is *Rebecca* is an unpublished opinion, which is not binding precedent in this Circuit.

The third issue is the ALJ was unable to consider the additional evidence from Cross's cardiologist, Dr. Brabham, which was submitted to the Appeals Council, stating Cross would be off task at least twenty percent of the work day and that occasional edema required periodical elevation of legs throughout the day.

Accordingly, after a thorough review of the Report and a de novo review of the record in this case, pursuant to the standard set forth above, the Court overrules O'Malley's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court O'Malley's final decision denying Cross's claims is **REVERSED** and this matter is **REMANDED** to him, in

accordance with sentence four of 42 U.S.C. § 405(g), for further proceedings in accordance with the

Report.

**IT IS SO ORDERED**.

Signed this 28th day of March, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE